**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

The Resolution Trust Corporation, as Receiver for Lincoln Savings and Loan Association, P.A.,

    Plaintiff,

vs.

Alfred and Cheryl Bowen, et al.,

    Defendants.

No. CV-92-1671-PHX-PGR

<u>AMENDED SCHEDULING ORDER</u>

    Pending before the Court is the Motion to Permit Immediate Withdrawal as Counsel for Defendant Alfred Bowen and Motion to Continue Evidentiary Hearing and Related Deadlines, both filed November 9, 2007. Defendant Alfred Bowen has not filed any objection to his counsels' request to withdraw, but he has filed an objection to that portion of the motion to continue that seeks an extension of the discovery deadline. Plaintiff The Cadle Company has stated that it does not object to the granting of the motion to withdraw as counsel and it has joined in the motion to continue. Having considered the parties' memoranda, the Court finds that the motions should be granted in part. Therefore,

    IT IS ORDERED that the Motion to Permit Immediate Withdrawal as

Counsel for Defendant Alfred Bowen (doc. #97) is granted and that Tiffany & Bosco, P.A., Christopher R. Kaup, and Jeffrey A. Sandell are withdrawn as counsel for defendant Alfred Bowen.

IT IS FURTHER ORDERED that the Clerk of the Court shall mail a copy of this Order to defendant Alfred Bowen, 9237 E. Via de Ventura, Suite 115, Scottsdale, AZ. 85258.

IT IS FURTHER ORDERED that defendant Alfred Bowen shall have through January 31, 2008 in which to obtain substitute counsel, if any, and to have that counsel file a notice of appearance with the Court.[1]

IT IS FURTHER ORDERED that the Motion to Continue Evidentiary Hearing and Related Deadlines (doc. #97) is granted only as follows:

(1) No additional discovery shall be undertaken without Court permission based on very good cause.

(2) The parties, after personal consultation, shall file a Joint List of Witnesses and Exhibits no later than **March 28, 2008** that separately sets forth the following for each party[2]:

(a) Witnesses: The name of each potential witness; the address of the witness (city and state only); whether the witness is a fact or expert witness; whether the witness is being called regarding the service of process issue or the

---

[1] Mr. Bowen is advised that as he is now representing himself in this matter, he is personally responsible for complying with all deadlines and requirements set forth in this Order and will continue to be so responsible until such time as he hires substitute counsel and that counsel files a notice of appearance with the Court.

[2] The Court expects the parties to discuss methods of shortening the length of the evidentiary hearing, such as by reaching any stipulations reasonably possible for the elimination of unnecessary witnesses and exhibits.

satisfaction of judgment issue; whether the witness will be called at the hearing, may be called at the hearing, or is unlikely to be called at the hearing; if the witness is outside the Court's subpoena power, whether the witness has voluntarily agreed to testify; and a brief description of the witness' anticipated testimony.

(b) Exhibits:  Each potential exhibit shall be individually numbered in accordance with the "Exhibits - Marking, Listing and Custody" instruction sheet attached as an exhibit to this order; each individual exhibit shall be listed with a description of it containing sufficient information to readily identify it, together with a notification as whether it is being presented with regard to the service of process issue or the satisfaction of judgment issue[3]; and it shall be indicated as to each exhibit whether the parties have or will agree to its admission or whether an objection is anticipated.  The party opposing the admission of any exhibit shall specify the objection and briefly explain the basis for the objection[4].  Those portions of depositions that will be submitted as evidence must be listed by page and line number, and objections thereto must be specified.

(3) Each party shall file a comprehensive hearing brief no later than **April 7, 2008**.  The hearing brief shall, separately as to the service of process issue and the satisfaction of judgment issue, raise all significant disputed issues of law and fact, including foreseeable procedural and evidentiary issues, and shall set

---

[3] The listing of broad categories of exhibits, such as "all exhibits contained in the Lincoln Savings and Loan Association/RTC/FDIC files pertaining to Alfred Bowen, Bowen Quality Construction, Inc., RA Bowen Limited Partnership, and any other Alfred Bowen companies or affiliated entities" is entirely unacceptable.

[4] Merely stating, for example, that an exhibit is objected to as hearsay is insufficient - the basis for the hearsay objection must be briefly explained.

1 forth the party's positions thereon with supporting arguments and citations to
2 legal authorities.  As to each issue, the parties shall discuss the burden of proof,
3 and the elements or standards that must be proved in order for the party with the
4 burden of proof to prevail as to that issue.  With regard to the satisfaction of
5 judgment issue, defendant Bowen additionally shall, as to each exhibit listed as
6 supporting his satisfaction defense, specifically state which property is identified
7 by the exhibit, specifically identify which indebtedness the exhibit is directed at,
8 when the transfer of the property in satisfaction of the indebtedness occurred, to
9 whom the property identified in the exhibit was transferred and the agreed-upon
10 value of the transferred property, and specifically discuss how the alleged transfer
11 depicted by the exhibit satisfied as a matter of fact and law some portion of the
12 indebtedness.
13      IT IS FURTHER ORDERED that the evidentiary hearing regarding the
14 service of process and satisfaction of judgment issues raised in defendant Alfred
15 Bowen's Renewed Motion to Set Aside Default Judgment set for January 15,
16 2008 is vacated and is reset to **Tuesday, April 22, 2008, at 9:30 a.m.** in
17 Courtroom 601.
18      DATED this 28th day of November, 2007.

Paul G. Rosenblatt
United States District Judge

```
                  EXHIBITS  -  MARKING, LISTING AND CUSTODY
                     for United States District Court Judges
                            JUDGE PAUL G. ROSENBLATT
```

**GENERAL INSTRUCTIONS:**

**Marking and listing of exhibits is the responsibility of counsel, not the courtroom deputy, and shall be delivered to the courtroom deputy the day of trial/hearing unless directed otherwise.** Counsel are required to use the adhesive labels and/or cover sheets as described herein.  **Counsel shall also prepare the exhibit worksheet and witness list and provide them to the courtroom deputy in triplicate (1 original and 2 copies) along with the exhibits.**  During trial/hearing, please be prepared to advise the courtroom deputy **in advance** which exhibits will be needed for each witness. If you need a format in which to prepare the exhibit and witness lists, please refer to the district court's website at www.azd.uscourts.gov and access "Operations & Filing," "Forms," "Judges & Courtroom," and then "Orders, Forms & Procedures."  **Counsel are to FAX at least one day prior to trial/hearing their witness list, a list of medical and technical terms, and terms specific to the case to FAX # (602)322-7239 Attention: Court Reporter.**


**USE OF LABELS/COVER SHEET**:

1.  Exhibit cover sheets and labels are divided by color to indicate whether the exhibit is offered by plaintiff **(YELLOW)** or defendant **(BLUE)**.

2.  Exhibit cover sheets are provided to counsel by the courtroom deputy for the purpose of numbering and labeling exhibits **PRIOR** to trial. Exhibit cover sheets shall be copied on yellow or blue paper and used in cover sheet fashion to identify standard sized paper exhibits.  The cover sheet shall be stapled to the top of the original exhibit, and the exhibit shall be placed in a manilla folder number to correspond with the exhibit number. Prepare extra cover sheets and provide extra manilla folders to use for exhibits marked during trial.

3.  If the exhibit is a photo, **STAPLE** the photo to the exhibit cover sheet.

4.  Large or bulky items may require the use of tie tags with an exhibit label placed on a tag or may be marked in a logical location on the item or on the plastic bag containing the item.

5.  Large charts should be identified in the lower right hand corner with an exhibit label.  If the item is an enlargement of another marked exhibit, it should be numbered as a sub-part of the smaller exhibit.

**NUMBERING:**

1. Plaintiff starts with number 1 through the estimated number of exhibits. Defendant is to utilize numbers starting after plaintiff but allowing space for additional exhibits marked during trial (example: Plaintiff 1-80 and Defendant 100-__).  **Failure to comply with this directive will result in exhibits being remarked by counsel.**

2.  Plaintiff and defense counsel **shall** consult with one another prior to marking exhibits to **AVOID MARKING DUPLICATES**.  If plaintiff marks a document, the defendant should not mark the same document.  The exhibits are considered court exhibits, not plaintiff or defendant.  Either side may move the other's exhibits into evidence.

3.  Use **NUMBERS ONLY** except when identifying sub-parts (e.g. 3a, 3b, 3c). If the sub-parts total more than a - z for a single exhibit, do not use letters; instead commence with another number (e.g. 4a, 4b, 4c). Categorizing exhibits should be kept as simple and clear as possible.  For the most part, **USE NUMBERS.**

4.  Multiple-page exhibits should be stapled or ACCO fastened; please do not use paper or binder clips or rubber bands.  **If submitted in this fashion, counsel will be handed back said exhibit to be then submitted either stapled or ACCO fastened.** Regarding bulky documents, BATES stamp numbers may be placed on each page and shall be continuously numbered for easy reference.

5.  Blocks of numbers may be used to categorize exhibits (e.g. series 1-99 are bank records; series 100-199 are tax returns; series 200-299 are photographs, etc.)


**USE OF FOLDERS:**

1.  Place exhibits loose in folders so that the exhibit may be pulled out of the folder during trial.  **DO NOT** attach the exhibit to the file folder. Label the top of the folder to identify the exhibit.  Provide extra folders to the courtroom deputy for exhibits marked during trial.

2.  Place the exhibit folders in a box in numerical order.  Mark the outside of the box as to what exhibits are contained therein.  Leave room in the box for any extra exhibits that may be submitted during trial.

3.  **DO NOT PLACE TRIAL EXHIBITS IN BINDERS** except when the binder is considered **ONE** exhibit.  Mark the binder with an exhibit label in the lower right hand corner.  The judge's copies of exhibits are to be placed in binders and tabbed.  The judge's copies should **not** have original exhibit cover sheets on them.

2

**EXHIBIT LISTS:**

1.  Exhibits may be listed on the exhibit list provided or reproduced on a word processor, as long as it follows the same format.  The form is self-explanatory.  Be sure to leave enough **SPACE** at the end of the list to add additional exhibits.  The Judge Code to be reflected on this list is **7017.**  Each page should be completed to the end with blank blocks.  Extra blank pages would be appreciated for both the exhibit and witness lists.  The exhibit number and description should be started at the top of each block.

2.  Provide the courtroom deputy with the original and two copies of the exhibit list with the exhibits. **Counsel are not to provide the courtroom clerk with the Pretrial Order (civil cases) in lieu of the exhibit list.**


**WITNESS LISTS:**

1.  Witness names shall be listed on the witness list provided or the witness list may be reproduced on a word processor so long as it follows the same format. The Judge Code to be reflected on this list is **7017.** Please provide the full name of each witness and list them in alphabetical order.  Names should be at the top of the block and extra spaces should be left at the end of the list. This is helpful when names have to be added that are not on the list. **Counsel are not to provide the courtroom clerk with the Pretrial Order (civil cases) in lieu of the witness list.**

2.  Provide the courtroom deputy with the original and two copies of the witness list along with the exhibits.


**SENSITIVE EXHIBITS:**

     The courtroom deputy **will not** take custody of any sensitive exhibits. During lengthy breaks and at the close of each day, these exhibits are returned to the government (usually the agent) until court resumes. Pursuant to General Order 98-07 dated July 30, 1987:

>    "The arresting or investigative agency or designated representative shall retain custody of sensitive exhibits prior to, throughout and after trial.  Sensitive exhibits shall include drugs and drug paraphernalia, guns and other weapons, money and any other exhibits designated as sensitive by the Court."


**IMPEACHMENT EXHIBITS:**

1.  Impeachment exhibits are given to the courtroom deputy **the first day of trial**, not the day a witness testifies, in a **SEALED** envelope.  The envelope should be marked with the caption of the case and shall identify the party presenting the exhibits.  If there is more than one exhibit in the

envelope, mark each one with a **SEPARATE NUMBER** so you (and the clerk) will be able to identify it. Identify these exhibits with a numbering system of your own for easy retrieval, and the courtroom deputy will assign the next available number when the exhibit is used.

**STIPULATED EXHIBITS:**

In civil trials, parties may agree on most of the exhibits prior to trial and as listed in the Pretrial Order. Counsel may give the courtroom deputy a list of the stipulated exhibits to be marked in evidence before moving for their admission. In criminal trials, stipulated exhibits usually come in one at a time during the course of trial.

**DEPOSITIONS:**

Depositions **ARE NOT** to be marked as exhibits. Identify them by party (so they will be returned to the correct party after trial), place them in alphabetical order and give them to the courtroom deputy the morning of trial.

**MEDICAL OR TECHNICAL TERMS:**

Provide a list of medical or technical terms for the court reporter prior to the trial commencing (please refer to Page 1, Paragraph 1).

**RETURN OF EXHIBITS**

1. Pursuant to LRCiv79.1(a), all exhibits are returned to respective parties for them to keep custody pending all appeals. If the exhibits are not retrieved by counsel within 30 days of the Notice of Return of Exhibits issuing, pursuant to LRCiv79.1(a) the clerk may destroy or otherwise dispose of those exhibits.

2. Usually, trial exhibits are returned immediately to respective counsel upon conclusion of trial. Counsel will sign for returned exhibits. When a case is taken under advisement and a verdict or court ruling issues at a later date, a separate order will follow directing counsel to retrieve the exhibits from the courtroom deputy.

If you have any questions or need more exhibit labels, please do not hesitate to call or e-mail.

Traci Abraham
Courtroom Deputy
(602) 322-7225
traci_abraham@azd.uscourts.gov