**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Resolution Trust Corporation, as Receiver for Lincoln Savings and Loan Association, F.A., <br><br>    Plaintiff, <br><br>vs. <br><br>Alfred and Cheryl Bowen, et al., <br><br>    Defendants. | No. CV-92-1671-PHX-PGR <br><br>ORDER |

  The Resolution Trust Corporation, as the receiver of Lincoln Savings and Loan Association, F.A., commenced this action on September 2, 1992 against Alfred Bowen ("Bowen") and his former wife, Cheryl Bowen. The complaint alleged two counts of breach of personal guaranties that Bowen gave to secure promissory notes that his construction company gave to Lincoln Savings under a line of credit. The RTC obtained a default judgment against Bowen on February 4, 1993.

  As a result of efforts to collect on the judgment undertaken by the Cadle Company, the current assignee of the renewed default judgment, Bowen filed his first Motion to Set Aside Default Judgment Pursuant to Rule 60 (doc. #42) in December 2005, arguing that the default judgment was void because he had never been served with process. Bowen's motion was denied without prejudice

1 on August 3, 2006 by the Honorable Roger G. Strand.  Bowen filed his pending
2 Renewed Motion to Set Aside Default Judgment (doc. #54) on September 11,
3 2006; Bowen argues in the renewed motion that the default judgment should be
4 vacated both because he was never served with process and because the debt
5 underlying the judgment has been satisfied.

6      In light of the granting of the parties' stipulated motion to bifurcate the
7 issues raised in the renewed motion, the only issue currently before the Court is
8 the service of process portion of the renewed motion.  Having considered the
9 evidence submitted at the evidentiary hearing concerning the service of process
10 issue held on April 22, 2008, along with the other relevant evidence of record
11 dealing with the service issue, and the oral argument of counsel, the Court finds
12 that Bowen was personally served with process on September 17, 1992 at his
13 residence at 1502 E. Treasure Cove Dr., Gilbert, Az.

14      Fed.R.Civ.P. 55(c) provides that a default judgment may be set aside in
15 accordance with Fed.R.Civ.P. 60(b); although Bowen never mentions Rule 60(b)
16 in either his renewed motion or his hearing brief, the Court construes the service
17 of process portion of his renewed motion as being brought pursuant to Rule
18 60(b)(4), which allows relief from a judgment on the ground that the judgment is
19 void.  There is no dispute that a judgment entered without the defendant being
20 served with process is void and must be vacated, *see e.g.*, Mason v. Genisco
21 Technology Corp., 960 F.2d 849, 851 (9th Cir. 1992), or that a Rule 60(b)(4)
22 motion to set aside a judgment as void may be brought at any time.  In re Center
23 Wholesale, Inc., 759 F.2d 1440, 1448 (9th Cir. 1985).

24      The parties dispute who has the burden of proving whether Bowen was or
25 was not served with process.  The Court concludes that it need not definitively
26 resolve this issue given that the record contains an affidavit of return of service on

27
28 -2-

1  Bowen (doc. #2).[1]  The return of service, which process server Gregory Cooper

---

[1]     The Ninth Circuit has stated that  "a defendant moving to vacate a default judgment based on improper service of process, where the defendant had actual notice of the original proceeding but delayed in bringing the motion until after entry of default judgment, bears the burden of proving that service did not occur."  S.E.C. v. Internet Solutions for Business Inc., 509 F.3d 1161, 1165 (9th Cir.2007).   The Court concludes that there is credible evidence of record, in addition to the return of service, that certainly suggests that Bowen had been informed of the existence of this action prior to the date the default judgment was entered.  This evidence consists of the notices of mailing to Bowen contained on such documents as the RTC's Notice of Application for Entry of Default (doc. #4), the Motion for Judgment by Default (doc. #8), and Plaintiff's Status Report (doc. #11), which were testified to at the evidentiary hearing by the person who signed the notices, Tonica Swan, who was then the assistant to the RTC's counsel, Charles Kellers.  Under the common law mailbox rule, the proper and timely mailing of a document raises a rebuttable presumption that it was received by the addressee. Anderson v. United States, 966 F.2d 487, 491 (9th Cir.1992).
   While not disputing that the notices of mailing on these documents contained his name and correct residential address, Bowen contends that the notices of mailing are insufficient proof of mailing in part because they do not contain his zip code.  The Court rejects this contention because the United States Postal Service Domestic Mail Manual in effect in 1992 made the use of the zip code on mailing addresses voluntary and its omission did not render the mail undeliverable.  See Peters v. National Railroad Passenger Corp., 966 F.2d 1483, 1487 (D.C.Cir.1992) ("We note that under section 122.32 of the U.S. Postal Service Domestic Mail Manual, the use of a zip code remains voluntary.  *See United States Domestic Mail Manual* § 122.32, at 55 (Mar. 1992).  While a zip code undoubtedly adds to the preciseness of an address, we doubt that its use would remain voluntary if its omission rendered the mail not reasonably calculated to reach its destination."); *see also*, Santoro v. Principi, 274 F.3d 1366, 1370 (Fed.Cir.2001) (Court, noting that the Domestic Mail Manual provides "that a deliverable address need not contain a zip code at all[,]" cited to various other courts that have held that "lack of a zip code or an incorrect zip code will not preclude mail from being 'properly addressed.'"); Judkins v. Davenport, 59 S.W.23d 689, 691 (Tex.App.2000) (Court, citing to the U.S. Postal Service Domestic Mail Manual, noted that while a zip code may facilitate delivery, it is not a necessary part of the address and "is not a prerequisite to assuring that mail is properly routed to a particular business.")
   Bowen also contends that these notices of mailing are insufficient because
(continued...)

-3-

1  signed on September 22, 1992, and which was filed on September 25, 1992,

2  states in relevant part that Bowen was personally served at his residence on

3  September 17, 1992.[2]  The Ninth Circuit has now made it clear that "[a] signed

---

[1](...continued)
Ms. Swan testified that she only filled and addressed the envelopes while someone else in the law firm collected the envelopes from a mail cart, stamped them, and deposited them for mailing. The Court also rejects this contention because Ms. Swan's testimony is sufficient to establish that the regular office mailing procedure of the RTC's counsel was followed and that procedure is sufficient to establish prima facie evidence of the mailing of the entry of default and default judgment-related documents to Bowen and to create a rebuttable presumption as to their receipt by Bowen. See Consolidated Motors v. Skousen, 109 P.2d 41, 43 (Ariz.) ("It is the general rule in matters of this kind, where it is the custom of a business office to follow a regular routine, that where it is affirmatively established that part of a routine was followed it is presumed, in the absence of some evidence to the contrary, that the rest was also followed. We think this is particularly applicable to matters such as the mailing of routine letters in an office where a very large number of such letters are customarily mailed in the due course of its business[.]") (Internal citations omitted), *cert. denied,* 314 U.S. 631 (1941).

While Bowen denies the receipt of any of these documents, the law in the Ninth Circuit is that denial of receipt does not rebut the presumption. In re Williams, 185 B.R. 598, 600 (9th Cir.BAP1995). Bowen has not presented any evidence of an objective nature going beyond his statement of non-receipt that is sufficient to convince the Court that he has rebutted the presumption of receipt of the documents the RTC filed in connection with the entry of default and default judgment against him. See e.g., Cable v. Lowe's of Johnson City, Inc., 2001 WL 256159, at *2 (Tenn.App. March 15, 2001) (Court refused to set aside a default judgment notwithstanding that the plaintiff's certificate of mailing of the motion for default judgment, and two other related documents, failed to contain the defendant's zip code because the defendant's alleged failure to receive any of the three mailings was "highly unlikely.")

[2]

The return of service states in relevant part:

I served true copies of these documents [summons and complaint] as established below:

(continued...)

-4-

1  return of service constitutes prima facie evidence of valid service which can be
2  overcome only by strong and convincing evidence." S.E.C. v. Internet Solutions
3  for Business Inc., 509 F.3d 1161, 1166 (9th Cir. 2007) (Internal quotation marks
4  omitted).  The Court concludes that Bowen has not met his "substantial" burden
5  of rebutting the Cadle Company's prima facie showing that the service of process
6  was valid. *Id.*

7  Bowen's burden of providing strong and convincing evidence of non-
8  service cannot be met by a mere conclusory denial of service. *Id.* at 1167 (Court,
9  citing with approval to Burda Media, Inc. v. Viertel, 417 F.3d 292 (2d Cir.2005),
10 noted that the Second Circuit had found in that case "that the district court
11 properly determined that a defaulting defendant received service of process
12 where the only evidence that he did not was his own affidavit denying receipt of
13 the summons.").  Thus, Bowen's affidavit, dated November 29, 2005, wherein he
14 simply states that the affidavit of service is false and that he was not served on
15 September 17, 1992 or any other date, is totally insufficient, as are Bowen's mere
16 statements at the evidentiary hearing that he was never served with process.

17 While Bowen's testimony provided some colorable evidence regarding the
18 difficulty of serving him at his residence in 1992, *e.g.* that he was then living in a
19 community surrounded by a lake on three sides, the main entrance to which was
20 through a privacy gate in the wall covering the front of the community that was
21 protected by a guard shack, his testimony at the evidentiary hearing does not

---

[2](...continued)
UPON PERSONALLY SERVING ALFRED BOWEN, (WHO IS NOT MARRIED), AT HIS NORMAL PLACE OF ABODE AT 1502 E. TREASURE COVE DR., GILBERT, ON 9-17-92 AT 7:30 P.M. (Capitalization in original).

-5-

amount to strong and convincing evidence of non-service in light of the totality of the evidence of record.

First, while Bowen initially testified that he would have told any process server who called him at his residence regarding service of process to serve him at his office, Bowen subsequently testified that had a process server called his residence from the community's front gate to say that he had something for him, he (Bowen) could have taken it.

Second, process server Cooper testified at the evidentiary hearing that while he has no recollection of his service of Bowen, on several occasions during his time as a process server he was able to serve people in guarded and gated communities by having the people to be served buzzing him in or otherwise authorizing him to enter the community or by having the gate guard let him in after explaining the purpose of his visit.

Third, while Bowen correctly notes that the affidavit of return of service contains no description of the person served, Cooper testified that he never provided such a description on his returns of service.

Fourth, that Bowen was actually served is supported by the fact that the return of service specifically states that Bowen was not then married, which is contrary to the information on the complaint and summons, both of which stated that Bowen was a married man, and by the fact that the RTC's then-counsel, Charles Kellers, testified at the evidentiary hearing that the only way he could have known to start the process of locating Cheryl Bowen for purposes of service was if Cooper told him after his service on Bowen that the Bowens were no longer married.

Fifth, the Court discounts Bowen's testimony that he first learned of this action in 1999 or 2000 given the notices of mailing on the various documents filed by the RTC in obtaining Bowen's default and default judgment.

Sixth, Bowen testified that he permitted some other default judgments to be taken against him during the general time period relevant to this action.

Therefore,

IT IS ORDERED that the portion of defendant Alfred Bowen's Renewed Motion to Set Aside Default Judgment (doc. #54) contending that Alfred Bowen was not served with process in this action is denied.

IT IS FURTHER ORDERED that the parties, after the personal consultation of the their counsel, shall file a Joint List of Witnesses and Exhibits concerning the satisfaction of judgment issue no later than **June 9, 2008**; the document shall separately set forth the following information for each party[3]:

(1) Witnesses: The name of each potential witness; the address of the witness (city and state only); whether the witness is a fact or expert witness; whether the witness will be called at the hearing, may be called at the hearing, or is unlikely to be called at the hearing; if the witness is outside the Court's subpoena power, whether the witness has voluntarily agreed to testify; and a brief description of the witness' anticipated testimony.

(2) Exhibits: Each potential exhibit shall be individually numbered in accordance with the "Exhibits - Marking, Listing and Custody" instruction sheet previously provided to the parties; each individual exhibit shall be listed with a description of it containing sufficient information to readily identify it[4]; and it shall

---

[3] The Court expects counsel to discuss methods of shortening the length of the evidentiary hearing, such as by reaching any stipulations reasonably possible for the elimination of unnecessary witnesses and exhibits.

[4] The listing of broad categories of exhibits, such as "all exhibits contained in the Lincoln Savings and Loan Association/RTC/FDIC files pertaining to Alfred Bowen, Bowen Quality Construction, Inc., RA Bowen Limited (continued...)

be indicated as to each exhibit whether the parties have or will agree to its admission or whether an objection is anticipated.  The party opposing the admission of any exhibit shall specify the objection and briefly explain the basis for the objection[5].  Those portions of depositions that will be submitted as evidence must be listed by page and line number, and objections thereto must be specified.

IT IS FURTHER ORDERED that each party shall file a comprehensive hearing brief no later than **June 9, 2008**.  The hearing brief shall raise all significant disputed issues of law and fact, including foreseeable procedural and evidentiary issues, and shall set forth the party's positions thereon with supporting arguments and citations to legal authorities.  As to each issue, the parties shall discuss the burden of proof, and the elements or standards that must be proved in order for the party with the burden of proof to prevail as to that issue. Defendant Bowen additionally shall, as to each exhibit listed as supporting his satisfaction of judgment defense, specifically state which property is identified by the exhibit, specifically identify which indebtedness the exhibit is directed at, when the transfer of the property in satisfaction of the indebtedness occurred, to whom the property identified in the exhibit was transferred and the agreed-upon value of the transferred property, and specifically discuss how the alleged transfer depicted by the exhibit satisfied as a matter of fact and law some portion of the indebtedness.

---

[4](...continued)
Partnership, and any other Alfred Bowen companies or affiliated entities" is entirely unacceptable.

[5]  Merely stating, for example, that an exhibit is objected to as hearsay is insufficient - the basis for the hearsay objection must be briefly explained.

-8-

1    IT IS FURTHER ORDERED that the evidentiary hearing regarding the
2 satisfaction of judgment portion of defendant Alfred Bowen's Renewed Motion to
3 Set Aside Default Judgment shall commence on **Tuesday, June 24, 2008, at**
4 **9:30 a.m., in Courtroom 601**.

5    DATED this 7th day of May, 2008.

Paul G. Rosenblatt
United States District Judge