**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Resolution Trust Corporation, as Receiver for Lincoln Savings and Loan Association, F.A.,<br><br>        Plaintiff,<br>vs.<br><br>Alfred and Cheryl Bowen, et al.,<br><br>        Defendants. | No. CV-92-1671-PHX-PGR<br><br>OPINION and ORDER |

Pending before the Court is the remaining portion of defendant Alfred Bowen's Renewed Motion to Set Aside Default Judgment (doc. #54) and the Cadle Company's Request for Summary Disposition of Defendant's Motion to Set Aside Judgment (doc. #130). Having considered the parties' hearing briefs and various memoranda related to the pending motions, the Court finds that Alfred Bowen has failed as a matter of law to establish that the default judgment at issue should be set aside pursuant to Fed.R.Civ.P. 60(b)(5).[1]

The Resolution Trust Corporation ("RTC"), as the receiver of Lincoln

---

[1] Since the dispositive issue is one of law, the Court concludes that oral argument would not aid the decisional process.
The Court has discussed herein only those arguments made by the parties that it concludes are necessary to the resolution the pending motion.

Savings and Loan Association, F.A., commenced this action on September 2, 1992 against Alfred Bowen ("Bowen") and his former wife, Cheryl Bowen. The complaint alleged two counts of breach of personal guaranties that Bowen gave to secure promissory notes that his construction companies, Bowen Quality Construction Co. and R.A./Bowen Limited Partnership, gave to Lincoln Savings under a line of credit. The RTC obtained a default judgment against Bowen in the approximate amount of $1.6 million on February 4, 1993.

As a result of efforts to collect on the judgment undertaken by the Cadle Company ("Cadle"), the current assignee of the renewed default judgment, Bowen filed his first Motion to Set Aside Default Judgment Pursuant to Rule 60 (doc. #42) in December 2005, arguing that the default judgment was void because he had never been served with process. Bowen's motion was denied without prejudice on August 3, 2006 by the Honorable Roger G. Strand. Bowen filed his pending Renewed Motion to Set Aside Default Judgment (doc. #54) on September 11, 2006; Bowen argued in the renewed motion that the default judgment should be vacated both because he was never served with process and because the debt evidenced by the judgment was paid in full after the date the judgment was entered. In an order (doc. #120), entered on May 7, 2008, the Court denied the service of process aspect of Bowen's motion and found that Bowen was properly served with process on September 17, 1992.

Cadle now argues that the evidentiary hearing the Court had set regarding the satisfaction of judgment portion of Bowen's motion is not necessary because the sole argument advanced by Bowen in support of this portion of his motion is meritless as a matter of law. The Court concurs.

The default judgment obtained by the RTC, now owned by Cadle, involved

two loans guaranteed by Bowen: loan number 91149, under which Bowen Quality Construction Co. was the borrower/trustor, and loan number 91154, under which R.A. /Bowen Limited Partnership was the borrower/trustor. Subsequent to the default judgment being issued to the RTC, a trustee's deficiency sale under a deed of trust securing a third loan, number 91060, under which Bowen Quality Construction Co. was the borrower/trustor, was held on April 12, 1994. This third loan, referred to by the parties as the Cays Pavillion loan[2], was not part of the RTC's complaint underlying the default judgment at issue. At the time of the trustee's sale, the beneficiary of the deed of trust underlying loan number 91060 was Arizona Land Associates, L.P., which had purchased it from the RTC through an assignment in June, 1993. At the trustee's sale, Arizona Land Associates, L.P. purchased the Cays Pavillion-related property through a credit bid of $2,000,000.

    In his hearing brief and in his response to Cadle's summary disposition motion, Bowen argues that the default judgment should be set aside because the judgment has been satisfied. Bowen, who has the burden of proof, states in his hearing brief that "the sole issue in dispute" is whether the trustee's deficiency sale related to loan number 91060 produced excess proceeds that the RTC should have credited to the satisfaction of the two loans underlying the default judgment. Bowen's sole supporting contention is that the deficiency sale resulted in an excess payment of $1,131,141.13 over the amount owed on loan number 91060 that was sufficient to satisfy the $917,785.65 he claims was still then owed on the default judgment. The Court concludes that it need not decide the

---

[2] Various exhibits in the record also refer to the property serving as the collateral for loan number 91060 as the Cays Pavillian property.

correctness of Bowen's figures, which Cadle disputes, nor the propriety of Bowen's contention that the RTC had legal responsibilities regarding the disposition of any overpayment, which Cadle also disputes, because Bowen has failed to establish that he is entitled as a matter of law to have any overpayment that may have existed on loan number 91060 applied to the balance existing on the default judgment.

In its main argument, Cadle argues that A.R.S. § 33-812(A)(5) conclusively resolves Bowen's sole remaining contention as a matter of law because neither Bowen nor Bowen Quality Construction Co. owned the property at issue under loan number 90160 at the time of the trustee's deficiency sale in 1994. The Court concludes that this argument is legally meritless.  While the current version of § 33-812(A) relied upon by Cadle does provide that any excess payment resulting from a trustee's sale shall be made to the owner of the property if the trustor had sold the property prior to the trustee's sale, that statutory language was not added to § 33-812(A) until 2002, some eight years after the trustee's sale at issue.  The applicable version of this statute in effect in April, 1994, which was § 33-812(A)(4), provided in relevant part that "[a]fter payment in full to all junior lienholders and encumbrancers payment shall be made to the trustor."  The trustor of the deed of trust underlying loan number 90160 was Bowen Quality Construction Co.

But even if an overpayment occurred regarding loan number 90160 that should have benefitted what was then the bankruptcy estate of Bowen Quality Construction Co., Cadle additionally, and correctly, argues in part that Arizona law prohibits the use of any such benefit to reduce Bowen's indebtedness stemming from the default judgment in the manner argued by Bowen.

Although somewhat confusingly stated, the gist of Bowen's legal argument set forth in his response is that the alleged overpayment entitles him to "an offset for the deficiency judgment under the common law of recoupment." As defined by Arizona law, a recoupment "is a reduction by a defendant of part of the plaintiff's claim because of a right in the defendant arising out of the same transaction." Morris v, Achen Construction Co., 747 P.2d 1206, 1209 (Ariz.App.1986), *reversed in part, vacated in part on other grounds*, 747 P.2d 1211 (Ariz.1987); Unispec Development Corp. v. Harwood K. Smith & Partners, 124 F.R.D. 211, 214 (D.Ariz.1988).  The equitable doctrine of recoupment cannot be relied upon by Bowen to reduce or satisfy the default judgment at issue even if the RTC had legal responsibility for any excess proceeds from the deficiency sale related to loan number 90160 since the default judgment, which arose from Bowen's guarantor liability for loan numbers 91149 and 91154, indisputedly concerned an entirely different contractual transaction from that involving loan number 90160, which was separately made at a different time and secured by different collateral.[3]  *See e.g.*, Aetna Finance Co. v. Pasquali, 626 P.2d 1103, 1105 (Ariz.App.1981) (Court, noting that recoupment is a defense that goes to the very existence and foundation of the plaintiff's claim, concluded that the defendants could not use a statutory penalty provided by the Truth-in-Lending Act to reduce

---

[3] Although Bowen refers to his setoff rights in his response, the Court construes his response as not raising a set-off claim stemming from the alleged overpayment.  While a set-off "is a demand which the defendant has against the plaintiff arising out of a transaction extrinsic to the plaintiff's cause of action[,]" Morris, 747 P.2d at 1209, Bowen's defense is limited to recoupment in that he twice states in his response that he is not seeking affirmative relief. *See* W.J. Kroger Co. v. Travelers Indemnity Co., 541 P.2d 385, 388 (Ariz.1975) (Court noted that while recoupment can be used to reduce or eliminate a judgment, it cannot, unlike a set-off, be used for affirmative relief.)

- 5 -

or eliminate the debt owed on a promissory note because the recoupment defense did not arise out of mutual obligations or covenants of the loan transaction upon which the plaintiff's suit was founded.)  *See also*, Nogales Service Center v. Atlantic Richfield Co., 582 P.2d 642, 644 (Ariz.App.1978) ("Recoupment is confined to the contract on which plaintiff sues[.]")

Since Bowen's sole argument fails as a matter of law, the Court concludes that Bowen has not met his burden of establishing that the default judgment must be vacated as satisfied.  Therefore,

IT IS ORDERED that the Cadle Company's Request for Summary Disposition of Defendant's Motion to Set Aside Judgment (doc. #130) is granted.

IT IS FURTHER ORDERED that the remaining portion of Alfred Bowen's Renewed Motion to Set Aside Default Judgment (doc. #54) is denied.

DATED this 13th day of January, 2009.

Paul G. Rosenblatt
United States District Judge